HEARD, Judge.
William A. Fiske filed this petition to change child custody on May 20, 1975, seeking legal custody of his two minor children, Terri Lynn Fiske and Jeffrey Allen Fiske, born in 1966 and 1967, respectively. Custody had previously been awarded the mother in a divorce judgment dated November 21, 1973. From judgment rejecting his demands, plaintiff father appeals.
The record established the family formerly lived in Connecticut where the father deserted his wife and children in November, 1971, and came to Shreveport where he subsequently obtained a divorce. The mother, together with the children, remained in Connecticut, the mother having been granted custody of the children in the divorce judgment by agreement. The father was ordered to pay $25 per week child support.
Near the end of 1974, or the beginning of 1975, the mother contacted the father by telephone and advised him it was necessary for her to go into the hospital for serious surgery. It was agreed it would be better for the children to come to Louisiana and stay with the father temporarily until the end of the school term in June of 1975. As a result the father flew to Connecticut and brought the children back to Shreveport where they have resided with their father, his present wife and three children belonging to the latter by a previous marriage.
In May of 1975 the father filed the instant proceeding alleging that the mother had been living in open concubinage with one Joseph Sterpka; that she was not providing a proper home environment for the children; that she was charged with fraud in Connecticut in connection with welfare payments, and that the father had remarried and could provide a better home for the children.
During trial it was developed from the testimony of the mother, Barbara Fiske (now Sterpka) that she had been dating Sterpka in the fall of 1974, and that shortly before she was to go into the hospital Sterpka moved into the apartment with the mother and the children. It was also established that although the man had a drinking problem of long standing, he had slowed down on his drinking after he began his relationship with the mother. There was additional testimony that Sterp-ka had practically ceased drinking since he and Barbara Fiske were married on May 25, 1975. Both are employed and there is no showing there is anything wrong with their home environment at the time of trial.
The mother admitted at the trial that she continued to receive welfare checks from the State of Connecticut after the children *850 came to live temporarily with their father and that she failed to report to the state the money received from the father. She was charged with a felony to which she pleaded guilty and the matter was pending at the time of 'the trial below. She arranged to make restitution and had been advised by her lawyer that she had nothing to worry about as far as punishment was concerned.
Two friends of Mrs. Sterpka came to Shreveport from Connecticut to testify on her behalf. Both witnesses testified they considered her a good housekeeper, a conscientious mother, and a reliable and dependable person capable of providing a good home for her children. Neither of them were well acquainted with Mr. Sterp-ka but they had not observed him drinking to excess. One witness had been instrumental in getting both Mr. and Mrs. Sterp-ka to attend church and she expressed her opinion that both parties had undergone a great change since their church attendance became regular. This witness, Mrs. Abbott, testified she had observed the mother with the children on two occasions and that the children were clean, well-mannered and apparently happy.
It was also established at the trial that the father has remarried and lives with his wife and her three children in an older section of Shreveport; that he has an adequate job with M. L. Bath; that his wife also works and that he and the present wife are offering the children a good home environment. However, it was also shown that the father lived with the present Mrs. Fiske before they were married.
Oral reasons for judgment were dictated by the trial judge into the record at the conclusion of the trial, and although he expressed his sympathy for the father and his wife, he concluded that, in his best judgment and under the facts and the law, the custody should not be changed. Judgment was rendered accordingly.
On appeal the father contends the trial judge erroneously relied on the “maternal preference rule”, which, it is contended, is no longer constitutional under the new Louisiana Constitution adopted in 1974. Appellant also argues that since the award of custody to the mother was by agreement there has been no judicial finding that the mother was a fit person to have custody and that this question should now be determined as though this was an original custody hearing. If it is so considered, he contends it is abundantly clear the award of custody to the father would be in the best interest of the children.
We think the appellant has misconstrued the basis of the finding of the trial judge. While it is true he stated that he felt bound by the decisions of the appellate courts of the state, he nevertheless added that he was bound by certain factual findings and that, “I have no hesitation in appropriate cases in totally disregarding what I consider to be the trivia in trying to arrive at the ultimate decision of what is in fact in the best interest and welfare of the children.”
The trial judge’s remarks reflect his feeling about the case and should be accorded great weight. Since he observed these witnesses through a rather lengthy trial, we find his remarks helpful in reaching our determination of the correctness of his decision. He stated that he was not going to change the custody of the children who came here on a temporary visit; that the mother has, by her voluntary act of remarriage, corrected and cured a primary defect in the environmental circumstances.
Further, we think it appropriate to observe that the children, whose custody had been awarded to the mother in 1973, have at all times lived with and been cared for by the mother, at least until circumstances forced her to send them to be with their father while she was undergoing surgery.
The father who is seeking a modification of custody has the burden of showing good *851 reason therefor, even if the “maternal preference rule” is not applied. We conclude the record discloses no valid reason for changing custody of the children from the mother with whom they have lived for the major portion of their lives.
For the reasons assigned the judgment is affirmed at appellant’s cost.